**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE IN MEMPHIS**

| | | |
|---|---|---|
| **MAIN STREET AMERICA ASSURANCE COMPANY** | ) | |
| **Plaintiff,** | ) | |
| | ) | **Docket No.** |
| **vs.** | ) | |
| **MARBLE SOLUTIONS, LLC; CARLIN MCGLOWN, INDIVIDUALLY AND AS A REPRESENTATIVE OF MARBLE SOLUTIONS, LLC; ADRIAN MCGLOWN, INDIVIDUALLY AND AS A REPRESENTATIVE OF MARBLE SOLUTIONS, LLC; and DANIEL HOSEA WALLER, INDIVIDUALLY AND AS A REPRESENTATIVE OF MARBLE SOLUTIONS, LLC,** | ) | |
| **Defendants.** | ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Comes the plaintiff, Main Street America Assurance Company ("Main Street"), by and through counsel, through the court's diversity jurisdiction under 28 U.S.C. § 1332, and pursuant to 28 U.S.C. § 2201 asks the Court for a Declaratory Judgment to determine the rights and duties of the parties under the terms of an insurance contract as follows:

1. Main Street is a corporation organized under the laws of the State of Florida, which engages in the business of issuing and writing insurance policies in sixteen (16) other states, including Tennessee.

2. Marble Solutions, LLC is a limited liability company organized under the laws of the State of Tennessee. It can be served with process via its registered agent, Carlin McGlown, 9881 McQuiston Road, Brighton, TN 38011-7003.

3. Carlin McGlown is an owner, member, employee, and/or registered agent of Marble Solutions, LLC. She can be served with process at her last known address at 9881 McQuiston Road, Brighton, TN 38011-7003.

4. Adrian McGlown is an owner, member, and/or employee of Marble Solutions, LLC. He can be served with process at his last known address at 9881 McQuiston Road, Brighton, TN 38011-7003.

5. Daniel Hosea Waller is or was at certain relevant times an employee of Marble Solutions, LLC. He is currently an inmate at the Williamson County Jail, 306 W. 4th Street, Georgetown, Texas. He can be served with process at the Williamson County Jail pursuant to V.T.C.A., Civil Practice & Remedies Code § 17.029, Service on Inmate of Texas Department of Criminal Justice, which provides that an inmate confined in a facility operated by or under contract with the Texas Department of Criminal Justice may be served by serving the employee designated by the warden of the facility as agent for service of civil process on inmates confined in the facility. Before his incarceration in the Williamson County Jail, Daniel Hosea Waller was a longtime resident of Memphis, Shelby County, Tennessee (with a last known address of 2611 Pershing Ave., Memphis, TN 38122). Upon information and belief, Mr. Waller was hired in Tennessee by Marble Solutions, LLC, a Tennessee company, as its employee, for which purpose he traveled to Texas from his residence in Tennessee in April 2019. Mr. Waller has not yet returned to Tennessee due to his arrest and incarceration in April 2019, the alleged events leading up to which are more fully outlined below.

6. This lawsuit is brought pursuant to 28 U.S.C. § 2201 and T.C.A. § 29-14-102, and Main Street asks for this Court to declare the rights, responsibilities, and duties of the parties under a policy of insurance issued by Main Street to Marble Solutions, LLC. for claims arising

out of events alleged to have taken place on or around April 4, 2019, which includes claims alleged in a lawsuit filed against the defendants in the District Court of Travis County, Texas, Cause No. D-1-GN-19-003879, styled Jane Doe, individually and as next friend to Jane Doe, a minor v. Cedar Park Hospitality, Inc. d/b/a Holiday Inn Express-Cedar Park, Daniel Hosea Waller, individually and as representative of Marble Solutions LLC, Marble Solutions, LLC, Carlin McGlown, individually and as representative of Marble Solutions LLC and Adrian McGlown, individually and as representative of Marble Solutions, LLC, and Holiday Hospitality Franchising, LLC, District Court, Travis County, Texas. This court has diversity jurisdiction of this matter pursuant to 28 U.S.C. § 1332, and venue is proper in this court pursuant to 28 U.S.C. § 1391(b)(1) and (2). The plaintiffs in the Travis County, Texas lawsuit are seeking "monetary relief over $1,000,000.00" in compensatory and exemplary (punitive) damages, pre-judgment and post-judgment interest, and costs. The insurance policy at issue has liability coverage limits of $1 million for each occurrence, $1 million for personal and advertising injury, and $10,000.00 per person medical expense limit. Therefore, the amount in controversy requirement of 28 U.S.C. § 1332 is satisfied in this matter.

7. On or about August 17, 2018, Main Street issued a Businessowners insurance policy to Marble Solutions, LLC, 9881 McQuiston Road, Brighton, TN 38011-7003 under Policy No. MPG6356S ("the Policy"). The Policy was issued through the Chenault Insurance Agency, Inc. in Cordova, TN, and was effective for a policy period of August 17, 2018 through August 17, 2019. The Policy Declarations indicate that the Policy provided coverage for liability and medical expenses with a limit of $1,000,000.00, personal and advertising injury with a limit of $1,000,000.00, damage to premises rented to the insured with a limit of $500,000.00, and medical expenses with a limit of $10,000.00 per person. The Policy also contained an aggregate

limit for products completed operations of $2,000,000.00 and an aggregate limit excepting products-completed operations of $2,000,000.00. The classification of the business is "TILE, STONE, MARBLE – INTERIOR." A certified copy of the Policy including the declarations is attached hereto as **Exhibit 1**.

8. The Policy contains the following relevant policy language:

BUSINESSOWNERS
BPM P 2 1207

**BUSINESSOWNERS COVERAGE FORM**

SECTION II – LIABILITY

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is not covered.

Throughout this Coverage Form the words "you" and "your": refer to the Named Insured shown in the Declarations. The words "we", "us" and "our" refer to the Company providing this insurance.

In Section **II** – Liability, the word "insured" means any person or organization qualifying as such under Paragraph **B.** Who is An Insured.

Other words and phrases that appear in quotation marks have special meaning. Refer to I – Paragraph **F.** Liability and Medical Expenses Definitions in Section **II –** Liability.

**A. Coverage**

**1. Business Liability**

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury", to which this insurance does not apply. We may at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

**(1)** The amount we will pay for damages is limited as described in Paragraph **D** – Liability And Medical Expenses Limits Of Insurance in Section **II** – Liability; and

**(2)** Our right and duty to defend end when we have used up the applicable Limit of Insurance in the payment of judgments or settlements or medical expenses.

No other obligation or liability to pay sums or perform explicitly provide for under Paragraph **f.** Coverage Extension – Supplementary Payments.

**b.** This insurance applies:

**(1)** To "bodily injury" and "property damage" only if:

**(a)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

**(b)** The "bodily injury" or "property damage" occurs during the policy period; and

**(c)** Prior to the policy period, no insured listed under Paragraph C.1. Who is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuance, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known before the policy period.

**(2)** To "personal and advertising injury" caused by an offense arising out of your business, but only if the offense was committed in the "coverage territory" during the policy period.

[…]

**(f) Coverage Extension – Supplementary Payments**

**(1)** We will pay, with respect to any claim we investigate or settle, or any "suit" against an insured we defend:

**(a)** All expenses we incur.

**(b)** Up to $350 for cost of bail bonds required because of accidents or traffic law violations arising out of the use of any vehicle to which Business Liability Coverage for "bodily injury" applies. We do not have to furnish these bonds.

**(c)** The cost of bonds to release attachments, but only for bond amounts within our Limit of Insurance. We do not have to furnish these bonds.

**(d)** All reasonable expenses incurred by the insured at our request to assist us in the investigation or defense of the claim or "suit", including actual loss of earnings up to $250 a day because of time off from work

**(e)** All cost taxed against the insured in the "suit".

**(f)** Prejudgment interest awarded against the insured on that part of the judgment we pay. If we make an offer to pay the Limit of Insurance, we will not pay any prejudgment interest based on that period of time after the offer.

**(g)** All interest in the full amount of any judgment that accrues after entry of the judgment and before we have paid, offered to pay, or deposited in court the part of the judgment that is within our Limit of Insurance.

These payments will not reduce the limit of liability.

[…]

2. **Medical Expenses**

**a.** We will pay medical expenses as described below for "bodily injury" caused by an accident:

**(1)** On premises you own or rent;

**(2)** On ways next to premises you own or rent; or

**(3)** Because of your operations; provided that;

**(a)** The Accident takes place in the "coverage territory" and during the policy period;

**(b)** The expenses are incurred and reported to use within one year of the date of the accident; and

**(c)** The injured person submits to examination, at our expense, by physicians of our choice as often as we reasonably require.

**b.** We will make these payments regardless of fault. These payments will not exceed the Limits of Insurance of Section II – Liability. We will pay reasonable expenses for:

**(1)** First aid administered at the time of an accident;

**(2)** Necessary medical, surgical, x-ray and dental services, including prosthetic devices; and

**(3)** Necessary ambulance, hospital, professional nursing and funeral services.

**B. Exclusions**

**1. Applicable To Business Liability Coverage**

This insurance does not apply to:

**a. Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

[…]

**p. Personal And Advertising Injury**

"Personal and advertising injury":

(1) Caused by or at the direction of the insured with the knowledge that the act would violate the rights or another and would inflict "personal and advertising injury";

[…]

**r. Criminal Acts**

"Personal and advertising injury" arising out of a criminal act committed by or at the direction of the insured.

[…]

**C. Who Is An Insured**

**1.** If you are designated in the Declarations as:

**a.** An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.

[…]

**c.** A limited liability company, you are an insured, your members are also insureds, but only with respect to the conduct if your business. Your managers are insured, but only with respect to their duties as your managers.

**d.** An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as you officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

**2.** Each of the following is also an insured:

**a.** Your "volunteer workers" only while performing duties related to the conduct of your business, or your "**employees**", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), **but only for acts within the scope of their employment** by you or while performing duties related to the conduct of your business. […] (emphasis added)

[…]

**D. Liability And Medical Expenses Limit Of Insurance**

**1.** The Limits if Insurance of Section **II** – Liability shown in the Declarations and the rules below fix the most we will pay regardless of the number of:

**a.** Insureds;

**b.** Claims made or "suits brought; or

**c.** Persons or organizations making claims or bringing "suits".

**2.** The most we will pay for the sum of all damages because of all:

**a.** "Bodily injury", "property damage" and medical expenses arising out of any one "occurrence"; and

**b.** "Personal and advertising injury" sustained by any one person or organization;

is the Liability and Medical Expenses limit shown in the Declarations. But the most we will pay for all medical expenses because of "bodily injury" sustained by any one person is the Medical Expenses limit shown in the Declarations.

[…]

**2. Duties In The Event Of Occurrence, Offense, Claim Or Suit**

**a.** You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

**(1)** How, when and where the "occurrence" or offense took place;

**(2)** The names and addresses of any injured persons and witnesses; and

**(3)** The nature and location of any injury or damage arising out of the "occurrence" or offense.

**b.** If a claim is made or "suit" is brought against any insured, you must:

**(1)** Immediately record the specifics of the claim or "suit" and the date received; and

**(2)** Notify us as soon as practicable.

You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

**c.** You and any other involved insured must:

**(1)** Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

**(2)** Authorize us to obtain records and other information;

**(3)** Cooperate with us in the investigation, or settlement of the claim or defense against the "suit"; and

**(4)** Assist us, upon our request, in the enforcement of any right against any person or organization that may be liable to the insured because of injury or damage to which this insurance may also apply.

**d.** No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without consent.

[…]

**F. Liability And Medical Expenses Definitions**

[…]

**3.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

**4.** "Coverage territory" means:

**a.** The United States of America (including its territories and possessions), Puerto Rico and Canada;

**[…]**

**5.** "Employee" includes a "leased worker". "Employee" does not include a "temporary worker."

**[…]**

**13.** **"**Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

**14.** "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

**a.** False arrest, detention or imprisonment;

**b.** Malicious prosecution;

**c.** The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

**d.** Oral or written publication, in any manner, or material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

**e.** Oral or written publication, in any manner, or material that violates a person's right of privacy;

**f.** The use of another's advertising idea in your "advertisement"; or

**g.** Infringing upon another's copyright, trade dress or slogan in your "advertisement".

[…]

**19.** "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

[…]

9. On November 18, 2019, John Doe, individually and as next friend to Jane Doe, filed a Second Amended Petition and Request for Disclosure against Cedar Park Hospitality, Inc. d/b/a Holiday Inn Express—Cedar Park, Intercontinental Hotels Group Resources, LLC, Daniel Hosea Waller, individually and as representative of Marble Solutions, LLC, Marble Solutions LLC, Carlin McGlown, individually and as representative of Marble Solutions, LLC, and Adrian McGlown, individually and as representative of Marble Solutions, LLC, in the District Court of

Travis County (419th Judicial District). Upon information and belief, the Second Amended Petition and Request for Disclosure brought the defendants Daniel Hosea Waller, individually and as a representative of Marble Solutions, LLC, Marble Solutions, LLC, Carlin McGlown, individually and as representative of Marble Solutions, LLC, and Adrian McGlown, individually and as representative of Marble Solutions, LLC into an existing lawsuit that had previously been filed against the other defendants, Cedar Park Hospitality, Inc. d/b/a Holiday Inn Express—Cedar Park and Intercontinental Hotels Group Resources, LLC. The Second Amended Petition and Request for Disclosure was styled Cause No. D-1-GN-19-003879, and styled John Doe, individually and as next friend to Jane Doe, a minor v. Cedar Park Hospitality, Inc. d/b/a Holiday Inn Express-Cedar Park, Intercontinental Hotels Group Resources, LLC, Daniel Hosea Waller, individually and as representative of Marble Solutions LLC, Marble Solutions, LLC, Carlin McGlown, individually and as representative of Marble Solutions LLC and Adrian McGlown, individually and as representative of Marble Solutions, LLC, District Court, Travis County, Texas, and sought damages "over $1,000,000.00," including both compensatory and exemplary (punitive) damages.

10. On or around June 10, 2020, a Third Amended Petition and Request for Disclosure was filed in Cause No. D-1-GN-19-003879. The Third Amended Petition is styled Jane Doe, individually and as next friend to Jane Doe, a minor v. Cedar Park Hospitality, Inc. d/b/a Holiday Inn Express-Cedar Park, Daniel Hosea Waller, individually and as representative of Marble Solutions LLC, Marble Solutions, LLC, Carlin McGlown, individually and as representative of Marble Solutions LLC and Adrian McGlown, individually and as representative of Marble Solutions, LLC, and Holiday Hospitality Franchising, LLC. As indicated in the style, the Third Amended Petition changes the plaintiffs from John Doe, individually and as next friend

to Jane Doe, a minor to Jane Doe, individually and as next friend to Jane Doe, a minor. It also removed Intercontinental Hotels Group Resources, LLC from the suit as a defendant and added Holiday Hospitality Franchising, LLC as a defendant to the suit. As the Third Amended Petition and Request for Disclosure is the operative pleading in the suit, supplanting the prior pleadings, a copy of the Third Amended Petition and Request for Disclosure filed in the District Court for Travis County, Texas under Cause No. D-1-GN-19-003879 is attached hereto as **Exhibit 2**.

10. In the Third Amended Petition and Request for Disclosure filed in Travis County, Texas, the plaintiffs allege that a hotel (and its owners or managing company) has a responsibility to exercise reasonable care when selecting, hiring, employing, and supervising employees and contractors. The plaintiffs further allege that the subcontractors hired by a hotel to do work also must ensure the employees and contractors working under them are not foreseeably going to cause anyone harm. The plaintiffs claim that the Defendants (including Marble Solutions LLC and Carlin McGlown and Adrian McGlown) failed to properly select, hire, employ, and supervise their employees or contractors, one of which, Defendant Daniel Hosea Waller, raped Jane Doe, a minor, on or around April 4, 2019, while employed or contracted by Defendants and while on the hotel property located at 1605 E Whitestone Blvd, Cedar Park, TX 78613. The plaintiffs allege specifically that Marble Solutions LLC was contracted by Holiday Inn to remodel the subject property, and that Defendant Waller was an employee or contractor of Marble Solutions LLC on the date the rape took place. The plaintiffs further allege that before raping Plaintiff Jane Doe, Defendant Waller had an extensive criminal history involving child sexual offenses, among other crimes, and was a registered sex offender in Tennessee, where his employer, Defendant Marble Solutions LLC, was based. The plaintiffs allege that Defendant Waller's criminal history, as well as sex offender registration, was

information that the Defendants (including Marble Solutions LLC, Carlin McGlown, and Adrian McGlown, either knew or should have known before allowing Defendant Waller on the premises. (See **Exhibit 2**).

11. In the Third Amended Petition and Request for Disclosure filed in Travis County, Texas, the plaintiffs further allege that Marble Solutions LLC and Carlin and Adrian McGlown (1) had a duty to examine the credentials of employees and contractors they hire, as well as supervise the activities that were being performed on the job site; (2) had a duty to properly vet their employees/contractors by performing adequate background checks in order to ensure they were hiring reasonably safe employees; and (3) were required to take reasonable care in monitoring and supervising the conduct of the employees they did hire, and breached their duty to plaintiffs by failing to do either. The plaintiffs allege that their acts and/or omissions proximately caused the incident and the injuries and losses claimed. The plaintiffs allege that Carlin and Adrian McGlown are liable in their individual capacity as they did not uphold their responsibility as principals to maintain their limited liability corporation status, and thus have exposed themselves to personal liability for the negligence of Marble Solutions LLC. (See **Exhibit 2**).

12. In the Third Amended Petition and Request for Disclosure filed in Travis County, Texas, the plaintiffs allege that Daniel Hosea Waller committed sexual assault and rape against Jane Doe; and that when he raped Jane Doe, he intentionally, knowingly or recklessly caused bodily injury to Jane Doe, resulting in her injuries and damages; and that his conduct constituted a felony and violated Texas Penal Code Sec. 21.11 and 22.011 when he intentionally or knowingly penetrated the sexual organ of Plaintiff Jane Doe, a person younger than 17 years of age. (See **Exhibit 2**).

13. The plaintiffs in the Travis County, Texas lawsuit claim that the negligent conduct of the Defendants (including Daniel Hosea Waller, Marble Solutions, LLC, and Carlin and Adrian McGlown individually and as representatives of Marble Solutions, LLC) constituted gross negligence as defined by Texas statute, sufficient to subject them to the imposition of punitive and/or exemplary damages, and that the limitations on the recovery of exemplary damages do not apply to the conduct of Defendant Waller as it constituted a felony under Texas Penal Code. Further, the limitations on the recovery of exemplary damages do not apply as the criminal act was committed by an employee of Marble Solutions. The plaintiffs further allege that all of the agents, servants, or employees were acting within the course and scope of their employment or official duties and in furtherance of those duties of their office or employment, and, therefore, the acts or omissions of those agents, servants, or employees are attributable to the defendants under the doctrine of respondeat superior. (See **Exhibit 2**).

14. Main Street has retained counsel to represent Daniel Hosea Waller in the Travis County, Texas lawsuit. However, Main Street has done so under a Reservation of Rights, expressly reserving its rights under the terms of the Policy. A copy of the Reservation of Rights letter sent to Daniel Hosea Waller at the Williamson County Jail in Georgetown Texas is attached hereto as **Exhibit 3**. Although Main Street has undertaken to provide a defense to Daniel Hosea Waller in the lawsuit, MSA expressly reserved and reserves its right to deny coverage and indemnification as to any and all of the claims that are not covered under the terms of the Policy. Main Street asks this Court to find that there is no coverage available to Daniel Hosea Waller under the terms of the Policy for the claims brought against him in the Travis County, Texas lawsuit, and therefore Main Street has no duty to defend or indemnify Daniel Hosea Waller in that lawsuit. In particular because the actions alleged against him were taken

outside of the scope of his employment and job duties with Marble Solutions, LLC, including the alleged criminal acts of rape and sexual assault, Daniel Hosea Waller would not be considered an "insured" under the terms of the Policy. Moreover, the actions alleged of Daniel Hosea Waller, including the intentional and criminal acts of rape and sexual assault, do not meet the definition of an "occurrence" under the terms of the Policy. Additionally, even if the actions alleged of him meet the definition of "occurrence" and if the alleged conduct can be found to have been performed within the scope of his employment with Marble Solutions, LLC, the Policy excludes coverage for "Expected or Intended Injury." The actions alleged of Daniel Hosea Waller are intentional and criminal acts of sexual assault and rape, which are by their very nature and definition acts that would be "expected" or "intended" and therefore would be excluded by the express terms of the Policy. The actions alleged of Daniel Hosea Waller all involve intentional and criminal acts of sexual assault and rape, which are not covered by the terms of the Policy. There is no coverage available to Daniel Hosea Waller, individually and as a representative of Marble Solutions LLC, under the terms of the Policy, and therefore Main Street seeks a determination in this lawsuit that there is no duty to defend or indemnify Daniel Hosea Waller for the claims alleged against him arising out of the alleged events of April 4, 2019, including the lawsuit filed in Travis County, Texas.

15. Main Street has also retained counsel to represent Marble Solutions LLC and Carlin McGlown and Adrian McGlown, as representatives of Marble Solutions, LLC, in the Travis County, Texas lawsuit. Main Street has also done so under a Reservation of Rights, expressly reserving its rights under the terms of the Policy. A copy of the Reservation of Rights letter served on Carlin McGlown and Adrian McGlown, individually and as representatives of Marble Solutions, LLC at their address of 9881 McQuiston Road, Brighton, TN 38011-7003, is

attached hereto as **Exhibit 4**. Although Main Street has undertaken to provide a defense to Carlin McGlown and Adrian McGlown and Marble Solutions LLC in the lawsuit, MSA expressly reserved and reserves its right to deny coverage and indemnification as to any and all of the claims that are not covered based on the terms of the Policy. Main Street asks this Court to find that there is no coverage available to Marble Solutions LLC and Carlin McGlown and Adrian McGlown, individually and as representatives of Marble Solutions LLC under the terms of the Policy, and therefore no duty to defend or indemnify them for the claims brought in the Travis County, Texas lawsuit. In particular, there is no coverage available to Carlin McGlown and/or Adrian McGlown individually under the terms of the Policy for any actions performed in an individual capacity, outside of their actions taken as representatives of their business Marble Solutions LLC. Moreover, as with the claims alleged against Daniel Hosea Waller, the claims alleged against Marble Solutions, LLC and Carlin McGlown and Adrian McGlown do not arise out of an "occurrence" under the terms of the Policy and under Tennessee law. In particular, the alleged cause of the minor plaintiff's bodily injury (Mr. Waller's alleged intentional and criminal actions in allegedly sexually assaulting or raping the minor plaintiff Jane Doe) is not causally related to Marble Solutions' business operations. Mr. Waller's actions were certainly not performed as part of the conduct of Marble Solutions' business, and the operative act that caused the injury in this case (the alleged sexual assault) was not performed within the scope of Mr. Waller's employment with Marble Solutions, LLC and did not arise out of the conduct of the business. Moreover, the alleged injury-causing event (the alleged sexual assault) was not an "accident" and therefore was not an "occurrence" within the meaning of the Policy and as that term has been interpreted and applied under Tennessee law.

16. Main Street asks that this Court find, following a hearing on this matter, that there is no coverage available to Daniel Hosea Waller, individually and as a representative of Marble Solutions, LLC, Marble Solutions, LLC, Carlin McGlown, individually and as a representative of Marble Solutions, LLC, and Adrian McGlown, individually and as a representative of Marble Solutions, LLC for the claims alleged against them in the Travis County, Texas lawsuit, and that there is no duty to defend or indemnify them for the claims alleged against them in the Travis County, Texas lawsuit under the terms of the Policy and in accordance with Tennessee law.

WHEREFORE, the plaintiff prays as follows:

a. that service of process be issued and served upon the defendants requiring them to answer according to law;

b. that upon a hearing of this matter, a declaratory judgment be entered in favor of the plaintiff under U.S.C. § 2201 and T.C.A. § 29-14-102 declaring that liability insurance coverage does not apply under Policy No. MPG6356S to the claims alleged against Daniel Hosea Waller, individually and as representative of Marble Solutions LLC, Marble Solutions, LLC, Carlin McGlown, individually and as representative of Marble Solutions LLC, and Adrian McGlown, individually and as representative of Marble Solutions LLC in the District Court for Travis County, Texas lawsuit, filed under Cause No. D-1-GN-19-003879, and that Main Street does not owe a duty to defend or indemnify the defendants in the Travis County, Texas lawsuit.

c. that the costs of this cause be taxed against defendants and that the plaintiff be awarded its discretionary costs and be granted such further and other general relief to which it may be entitled as a matter of law.

Respectfully submitted,

**TRAMMELL, ADKINS & WARD, P.C.**

By s/ Hannah S. Lowe
Kenneth W. Ward, BPR #015707
Hannah S. Lowe, BPR #029281
Attorneys for Main Street America
Assurance Company
P.O. Box 51450
Knoxville, Tennessee 37950
kenward@tawpc.com (email)
(865) 330-2577 (phone)
(865) 330-2578 (fax)